UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TYRONE RICHARD,

                Plaintiff,

vs.

SUPERIOR COURT OF NEW JERSEY,
CHANCERY DIVISION, MORRIS
VICINAGE FAMILY PART,

                Defendant.

Civil Action No. 07-348 (KSH)

**OPINION and ORDER**

**KATHARINE S. HAYDEN, U.S.D.J.**

    Plaintiff Tyrone Richard ("Richard") has filed a *pro se* complaint against the Superior Court of New Jersey, along with an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. After reviewing the financial information provided by plaintiff, the Court grants Richard's application to proceed *in forma pauperis* and directs the Clerk to file the complaint without the pre-payment of the filing fee. However, after screening the complaint as required by 28 U.S.C. § 1915(e)(2), the Court finds that the complaint must be dismissed because it fails to state a claim upon which relief can be granted.

    *Pro se* complaints, "however inartfully pleaded, . . . are [held] to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). A *pro se* complaint must be liberally construed and the Court must "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir.

2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). However, in civil actions such as this that are filed *in forma pauperis*, the Court is required by statute to review the complaint and to dismiss the case on its own motion if "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). A complaint fails to state a claim upon which relief can be granted if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). But where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

Richard complains that *ex parte* orders limiting his contact with his child were entered by the Superior Court of New Jersey, and that he has not been given the opportunity to challenge these orders. Construing the complaint liberally, the Court determines that it is brought pursuant to 42 U.S.C. § 1983 and alleges that the Superior Court deprived Richard of his right to due process of law as guaranteed by the Fourteenth Amendment of the United States Constitution.

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two requirements. First, the "plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." West v. Atkins, 487 U.S. 42, 48 (1988). Second, the plaintiff "must show that the alleged deprivation was committed by a person acting under color of state law." Id.

It is well-settled that the Eleventh Amendment gives a State immunity "from suits brought in federal court by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). "It is also well established that even though a State is not a named party

to the action, the suit may nonetheless by barred by the Eleventh Amendment." Id. at 663.  The Superior Court of New Jersey is considered an arm of the State and is immune from suit under the Eleventh Amendment.  Johnson v. State of New Jersey, 869 F. Supp. 289, 296-98 (D. N.J. 1994); Carroway v. State of New Jersey, No. 06-3087, 2006 U.S. App. LEXIS 25969 (3d Cir. Oct. 18, 2006).    Because the Eleventh Amendment applies to § 1983 claims, Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989), it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley, 355 U.S. at 45-46.  Moreover, even if the Superior Court were not immune from suit under the Eleventh Amendment, the suit fails to state a proper claim under § 1983 because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  Will, 491 U.S. at 71.

For the reasons stated herein,

**IT IS** on this 21st day of March, 2007,

**ORDERED** that Richard's application to proceed *in forma pauperis* is **granted**; and it is further

**ORDERED** that the complaint is **dismissed without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

**ORDERED** that Richard is hereby granted 20 days from the date of this order to amend his complaint; and it is further

**ORDERED** that if Richard fails to amend the complaint within the specified time period, the complaint will be deemed withdrawn.

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.